```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                 FORT WAYNE DIVISION
```

```
EDDIE M. KNOX,                 )
                               )
Plaintiff,                     )
                               )
vs.                            )        NO. 1:07-CV-253
                               )
KIM SEISS,                     )
                               )
Defendant.                     )
                               )
```

## OPINION AND ORDER

This matter is before the court *sua sponte*. For the reasons set forth below, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A.

BACKGROUND

Eddie M. Knox ("Knox"), a *pro se* prisoner, submitted a complaint under 42 U.S.C. section 1983. Knox alleges that he obtained cocaine from Defendant, a Fort Wayne police officer, who was conducting an undercover drug investigation assisted by a confidential informant. The officer had no authority to give him any drugs, Knox contends. Although Knox admits that he helped the confidential informant buy cocaine from his co-defendant, he insists that he was wrongfully charged with drug dealing, and is innocent.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell*

2

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

3

Unauthorized Transfer of Cocaine

Knox argues the officer had no authority to give him cocaine. (Petition at § III). "[T]o state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(citations, quotation marks and ellipsis omitted). Even assuming the officer acted improperly in giving Knox the cocaine, Knox does not assert any violation of a constitutional right that may be redressed here. This claim must be dismissed.

Wrongful Charge and Innocence Claims

Knox also asserts that he was wrongfully charged with "drug dealing". Despite the fact that he admits facilitating a drug transaction between his co-defendant and the confidential informant, Knox insists he is innocent. Specifically, Knox states his incarceration stems from the officer's "libelous and slanderous actions". (Petition at 3).

Neither libel nor slander is actionable under section 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976). But, it appears Knox attempts to present a Fourth Amendment claim that his arrest was illegal.

An arrest is reasonable for Fourth Amendment purposes if the

4

arresting officer had probable cause to believe a crime had been committed and that the arrestee was the person who committed it. *Michigan v Summers*, 452 U.S. 692 (1981). Knox's own submissions irrefutably show the officer had probable cause to arrest him for participating in his co-defendant's delivery of cocaine. "[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir.1996) (quoting *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir.1994)).

The existence of probable cause to arrest completely bars any Fourth Amendment claim. *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996);*Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). Because Knox fails to state a claim for which relief can be granted, this claim must be dismissed.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A.


**DATED: November 5, 2007**                    **/s/RUDY LOZANO, Judge**
                                               **United States District Court**